UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN BUFFAMANTE,

     Plaintiff,

v.

     Case No. 1:25-cv-1423

THYIM, INC., et al.,

     Hon. Hala Y. Jarbou

     Defendants.

_____/

**<u>OPINION</u>**

Now before the Court is Defendants Rechester Easterly and Cammry Cochren's motion to dismiss (ECF No. 13). For the reasons below, the motion will be granted in part and denied in part.

**I. BACKGROUND**

Buffamante worked for Defendant THYIM for seventeen months without pay. Defendants Rechester Easterly and Cammry Cochren promised that he would be paid once THYIM started making money. But even after THYIM started making money, he never received a paycheck. Buffamante kept asking when he could expect to be paid, and, in April 2024, Easterly and Cochren threatened to fire him if he continued to do so. In November 2024, they followed through on that threat after Buffamante told them he would no longer work for free.

Buffamante filed this lawsuit against THYIM, Easterly, and Cochren. He sued them for fraud and for violations of the Fair Labor Standards Act (FLSA) and Michigan's Improved Workforce Opportunity and Wage Act (IWOWA). His FLSA claims include violations of the statute's overtime, minimum-wage, and retaliation provisions. His IWOWA claim is based on

violations of that statute's minimum-wage provision.  He also sued THYIM for breach of contract and unjust enrichment.

Easterly and Cochren filed a motion to dismiss for failure to state a claim (ECF No. 13) and a brief in support of their motion (ECF No. 14).  Buffamante filed a response (ECF No. 16), and Easterly and Cochren filed a reply (ECF No. 20).

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if it fails "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  When considering a motion to dismiss under Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017).

## III. ANALYSIS

Easterly and Cochren argue that Buffamante failed to allege sufficient facts to hold them individually liable for violations of the FLSA and IWOWA.  But neither statute supports this outcome.

2

The FLSA and the IWOWA "largely parallel each other." *Arrington v. Mich. Bell Tel. Co.*, 746 F. Supp. 2d 854, 857 (E.D. Mich. 2010) (citing *Saginaw Firefighters Ass'n v. City of Saginaw*, 357 N.W.2d 908, 911 (Mich. Ct. App. 1984)).  Both statutes require employers to pay their employees a prescribed minimum wage.  29 U.S.C. § 206(c); Mich. Comp. Laws § 408.933.  The FLSA also requires employers to pay overtime, 29 U.S.C. § 207(a)(1), and forbids employers from certain forms of retaliation, *id.* § 215(a)(3).

Both the FLSA and IWOWA define "employer" in a similar way.  Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  Under the IWOWA, an employer includes any "person acting in the interest of the employer."  Mich. Comp. Laws § 408.932.  Given the similar definitions of "employer" in each statute, federal courts often apply FLSA employment tests to IWOWA claims. *See, e.g.*, *Doe v. Cin-Lan, Inc.*, No. 4:08-cv-12719, 2009 WL 2568516, at *12–13 (E.D. Mich. Aug. 18, 2009) (applying FLSA economic-reality test to Michigan minimum-wage claim); *Garcia v. Barlen Contracting, Inc.*, No. 1:08-cv-57, 2012 WL 12981672, at *2 (W.D. Mich. Mar. 27, 2012) (same).

There may be "several simultaneous employers who [are] responsible for compliance with the FLSA." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991).  In particular, someone with "operational control of a corporation's covered enterprise" is uncontroversially an employer "along with the corporation." *Id.*; *see Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994); *Rhea v. W. Tenn. Violent Crime & Drug Task Force*, 825 F. App'x 272, 276 (6th Cir. 2020).

Operational control is exercised by an alleged employer who (1) is an officer of a corporation, (2) has a significant ownership interest in it, (3) controls significant functions of the business, or (4) determines salaries and makes hiring decisions. *Id.*  "No one factor is dispositive;

3

rather, it is incumbent upon the courts to transcend traditional concepts of the employer-employee relationship and assess the economic realities presented by the facts of each case." *Dole*, 942 F.3d at 965 (cleaned up).  To that end, courts sometimes set aside the first two factors (officer status and ownership interest) whenever an alleged employer acted in the interest of an employing corporation in other ways.  *See, e.g.*, *Benion v. LeCom, Inc.*, 336 F. Supp. 3d 829 (E.D. Mich. 2018) (denying summary judgment to individual defendant who lacked ownership interest and officer status); *Finke v. Kirtland Cmty. Coll. Bd. of Trs.*, 359 F. Supp. 2d 593, 598–99 (E.D. Mich. 2005) ("Ownership is not an element that must be satisfied but rather a factor to be weighed in the totality of the circumstances."); *Jones v. S & F Holdings, Inc.*, No. 1:16-cv-1317, 2017 WL 7000573, at *2 (W.D. Mich. Dec. 14, 2017) (denying individual defendant's motion to dismiss despite plaintiff's failure to allege ownership interest or officer position).

Other circuits apply different factors when determining an alleged employer's operational control.  These factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984).  Courts in the Sixth Circuit have also applied these factors as part of the economic-reality test.  *See, e.g.*, *Merriwether v. Temple Plaza Hotel, Inc.*, No. 19-11854, 2022 WL 1522089, at *4 (E.D. Mich. May 13, 2022); *Doe v. Cin-Lan, Inc.*, No. 4:08-cv-12719, 2009 WL 2568516, at *12 (E.D. Mich. Aug. 18, 2009).

Buffamante alleges that Easterly and Cochren hired him, fired him, set his pay rate, maintained his employment records, determined his work schedule, and set his conditions of employment.  (Compl. ¶¶ 49, 51.)  Buffamante also alleges that Easterly and Cochren told him

after his first five months that he would be paid as soon as the company started making money. (*Id.* ¶ 10.)  He does not allege that Easterly and Cochren had a significant ownership interest in THYIM.  But his allegations are enough to reasonably infer that Easterly and Cochren acted as Buffamante's employers given the factors above.  As a result, Easterly and Cochren are considered employers under the FLSA and IWOWA.

Easterly and Cochren argue that common-law tests for individual liability govern Buffamante's FLSA and IWOWA claims.  But the FLSA's remedial character requires courts "to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Elliott Travel*, 942 F.2d at 965 (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973)). Easterly and Cochren's argument is without merit.

Finally, Buffamante fails to oppose dismissal of his fraud claim against Easterly and Cochren, (Resp. ¶¶ 3, 33), and proposes that it be dismissed against the individual defendants, (Resp. Ex. 1, ECF No. 16-1).  It is well settled that a plaintiff abandons a claim when they fail to oppose a motion to dismiss that claim.  *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008).  The Court will dismiss Buffamante's fraud claim against Easterly and Cochren.

## IV. CONCLUSION

For the reasons above, the Court will deny Defendants Rechester Easterly and Cammry Cochren's motion to dismiss (ECF No. 13) with respect to Plaintiff's FLSA and IWOWA claims. The Court will grant Defendants' motion to dismiss with respect to Plaintiff's fraud claim against Easterly and Cochren only.  An order will enter consistent with this Opinion.

Dated: April 15, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

5